UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 15-10302-GAO-22 |
| v. ) | |
| LUZ GONZALEZ, ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION[1] CONCERNING PLEA OF GUILTY

July 18, 2017

Boal, M.J.

Today, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and Rule 5 of the Rules for United States Magistrate Judges in the District of Massachusetts, Defendant Luz Gonzalez appeared before me and entered a plea of guilty to Counts I and II of the Superseding Information.  After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowing and voluntary and that the offenses charged are supported by an independent basis in fact establishing each of the essential elements of such offenses.  I therefore recommend that the District Judge accept these findings.

---

[1] On May 17, 2017, the District Court referred the case to the undersigned for the taking of a change of plea.  Docket No. 862.

1

In addition, at the plea hearing, this Court made all the factual findings necessary for the acceptance of the plea.  However, because the Defendant entered a plea of guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C), I recommend that the District Court defer acceptance of the plea until after the preparation of a presentence report.[2]

    /s/  Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties are hereby advised that, under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this rule will preclude further appellate review.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir 1993).